## ABRAM PATTERSON, INDIVIDUALLY AND AS NEXT FRIEND, v. JOHN CALANDRIELLO.

Decided November 24, 1926.

**Negligence—Injury to Boy by Motor Vehicle—Driver of Car was Son of Owner—Question of Extent of Injury and Permission of Owner to Operate Car Both Controverted and Properly For Jury.**

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Heine, Bradner & Laird.*

*Contra, Edward W. Wise.*

PER CURIAM.

The action was tried in the Monmouth Circuit before the court and a jury, and a verdict went for the infant plaintiff for $3,000 and for the father for $1,000. The defendant obtained a rule to show cause.

The action was brought by the plaintiff's father for himself and on behalf of his five-year-old son, to recover direct and consequential damages for injuries to the infant caused by being struck by the defendant's automobile.

The defendant's first reason urged is excessive damages, and is based upon the assumption that hernia from which the child is suffering was not due to the accident. But that was a controverted fact question, and the jury found otherwise.

It is next urged that there was error in the refusal of the court to direct a verdict on the ground that there was no relationship of master and servant proved at the time of the accident.

The fact was that defendant admitted ownership of the car, which was kept for family use, and his son was authorized to drive it for that purpose.

At the time of the accident the car was being driven by defendant's seventeen-year-old son, Michael, who was on the way to meet one Hayes, in order to teach the latter to drive a car, and in the car with Michael were his brother and a friend.

The defendant's explicit testimony was that his son Michael asked permission to take the car out to teach Mr. Hayes how to drive, and that the defendant consented thereto.

On defendant's cross-examination he was asked—

"*Q.* When he [the son] came and asked you, according to your statement, about teaching Joe Hayes, you told him to go ahead and teach him, didn't you?

"*A.* Yes, sir."

Hayes had been a friend of the defendant for same years, and had done work for him.

The evidence upon this point was subject to contradictory interpretations, and that situation, manifestly, created a jury question, and is controlled in all essential aspects by such cases as *Missell* v. *Hayes,* 86 *N. J. L.* 348, and *Mahan* v. *Walker,* 97 *Id.* 304.

The rule will be discharged.