LILLIAN McCASHIN, PLAINTIFF, v. JOHN H. TANNER, DEFENDANT.

Argued October 4, 1928—Decided April 11, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Oliver K. Day.*

For the defendant, *George F. Seymour, Jr.*

PER CURIAM.

The plaintiff, while riding in an automobile hired from the defendant, and under the general charge of his servant, a colored man named Banks, was injured as the result of a collision between the defendant's car and another car on the public highway. There are seven reasons assigned, among which are these, that the verdict is against the weight of evidence; that the court erred in refusing a motion to nonsuit, and also erred in refusing to direct a verdict for the defendant. There are several other reasons, but they are all covered by what we have to say in disposing of the case.

The defendant hired out his automobile with Banks as

driver, practically every day to a Miss Thurston for the purpose of taking a drive. Miss Thurston was a mental patient and was accompanied habitually by her nurse, Miss Bergstein. The evidence shows that Miss Thurston and Miss Bergstein had frequently and to the knowledge of the defendant invited the plaintiff to accompany them as an invited guest in the car, and even that the defendant himself had sometimes operated the car under those circumstances. It was therefore clearly open to the jury to find that defendant knew and assented to the practice of guests, and particularly Miss McCashin, being invited to ride in the car. In this aspect the case is, we think, controlled by *Rodenburg* v. *Clinton Auto and Garage Co.*, 84 *N. J. L.* 545; *affirmed*, 85 *Id.* 729.

This leads us to the circumstances of the accident. The evidence indicates that the defendant, Tanner, knew that Miss Bergstein was fond of driving the car and that he had told Banks to let her drive whenever she wished to. As a matter of fact Miss Bergstein was driving the car on a down grade and on the wrong side of the road according to some of the testimony when a man named Cunningham, who was sworn as a witness, appeared coming from the other direction in his car. Cunningham states that he noticed Miss Bergstein was on the wrong side of the road and that he held his own course as long as he dared, with the idea that she would swerve over to the proper side, and that when she failed to do so, then at the last moment he swerved to his own left to avoid a collision just as Banks seized the wheel of the Tanner car from Miss Bergstein and then swerved to the right, of course: bringing the two cars together. Banks denied that he had taken the wheel, but to us this seems immaterial. The jury were clearly entitled to find that he had and if he did he was necessarily acting as Tanner's agent and servant, and if he was guilty of negligence in operation as the jury were entitled to find, Tanner, the master, would be naturally liable to the plaintiff if she were in the car by invitation imputable to Tanner. On the other hand, if Banks did not interfere and Miss Bergstein was solely accountable

for the collision, nevertheless, it may properly be said and the jury were entitled to say that Miss Bergstein was acting for the time being as the servant of Tanner in view of his alleged permission to her to drive. *Patterson* v. *Calandriello*, 135 *Atl. Rep.* 91; 4 *N. J. Mis. R.* 989.

In such a state of facts there was no error in refusing to nonsuit or to direct a verdict; and we are unable to see that the verdict was against the weight of evidence. As to the claim that the verdict was contrary to the charge, this is predicated to the question of invitation, which was carefully discussed by the trial judge and specifically left to the jury.

We see no good reason for disturbing the verdict, and the rule to show cause will therefore be discharged.